**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Azael Dythian Perales

    v.                                                    Civil No. 12-cv-140-JD

U.S. House of Representatives, et al.[1]


**REPORT AND RECOMMENDATION**


Pro se plaintiff, Azael Dythian Perales, has filed a
complaint (doc. no. 1) and a motion to amend the complaint (doc.
no. 5).  The matter is before the court for preliminary review
to determine, among other things, if the complaint and proposed
complaint amendment state any claim upon which relief might be
granted.  See 28 U.S.C. § 1915(e)(2); United States District
Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).


Preliminary Review Standard

The magistrate judge conducts a preliminary review of
complaints filed pro se and in forma pauperis.  See 28 U.S.C.

---

[1]In the original complaint, Perales named numerous
defendants, including the chairpersons or directors of fifteen
federal legislative committees and executive agencies; ten
California agencies, judges, mayors, and/or other state or local
officials; the chief executives of a number of private
corporations; and thirty-four pages listing hundreds of
newspapers and other "related defendants."  In the amended
complaint, Perales seeks leave to add a number of additional
persons and businesses as defendants, including Sodexo, Inc.

§ 1915(e)(2); LR 4.3(d)(1)(B).  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Perales is a frequent litigant in federal court.  A review of PACER's case index reveals that Perales has filed more than seventy actions in various federal courts around the country since 2009, including many that appear to be similar to the case at bar.  Perales's complaint in this action is over 80 pages long and includes approximately 100 pages of attachments.  The proposed complaint amendment (intended to supplement and not replace the allegations in the complaint) includes three pages of allegations and approximately 50 pages of attachments.

Discussion

I.   Preliminary Review of Complaint

Construed liberally, the complaint recites a litany of violations of federal statutes, allegedly perpetrated by defendants, acting individually and in a conspiracy with one another.  The list of claims asserted here resembles the lists of claims in similar, albeit shorter, complaints filed by Perales in the Eastern District of Tennessee and in the District of Vermont.  See Perales v. Fed. Election Comm'n, No. 1:10-CV-244, 2010 WL 3941343 (E.D. Tenn. Sept. 2, 2010), report and recommendation adopted, 2010 WL 3941340 (E.D. Tenn. Oct. 5, 2010); Perales v. Lowe's Companies, Inc., No. 1:09-CV-173, 2009 WL 2601428 (D. Vt. Aug. 19, 2009).  This court finds that none of Perales's allegations in the complaint here, when stripped of conclusory allegations of illegal activity, states a plausible claim for relief.  In accord with Fed. Election Comm'n (dismissing complaint with prejudice for failure to state claim), 2010 WL 3941343, at *1-*2, and Lowe's Companies, Inc., 2009 WL 2601428, at *2 (dismissing complaint as frivolous), this court should dismiss all claims in Perales's complaint, with prejudice, for failure to state any claim upon which relief can be granted.

II.   <u>Motion to Amend</u>

In evaluating Perales's proposed complaint amendment, which is set forth in the body of his motion to amend the complaint (doc. no. 5), this court applies the standard applicable to complaint amendments under LR 4.3(d)(1)(B) and Rule 15(a) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Adorno v. Crowley Towing & Transp. Co.</u>, 443 F.3d 122, 126 (1st Cir. 2006) (court applies Rule 12(b)(6) standard in evaluating proposed complaint amendments); <u>see also</u> <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012).

In the proposed complaint amendment, Perales asserts that a number of private entities have engaged in criminal misconduct, and that companies including Sodexo, Inc., have engaged in unfair employment practices, in violation of section 8 of the National Labor Relations Act, 29 U.S.C. § 158.  Perales further asserts that he has filed a charge against Sodexo before the National Labor Relations Board ("NLRB").  Perales asserted similar claims in a complaint filed in the Central District of California earlier this year, and the court in that case denied Perales's motion to proceed in forma pauperis, upon finding that the district court lacked jurisdiction over the complaint.  <u>See</u>

Perales v. Sodexo, Inc., No. 8:13-cv-00651-UA-DUTY (C.D. Cal.
May 9, 2013).

By the same token, in this case, because the NLRB has
exclusive jurisdiction over Perales's claims of unfair
employment practices, this court lacks subject matter
jurisdiction to adjudicate those claims.  See Stinson v. Del.
River Port Auth., 935 F. Supp. 531, 537 n.2 (D.N.J. 1996),
aff'd, 124 F.3d 188 (3d Cir. 1997).  Perales's claims of
criminal violations are nonjusticiable, as plaintiff lacks
standing to institute a federal criminal prosecution in this
court.  See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).
Moreover, Perales's generalized and conclusory allegations of
criminal misconduct fail to provide a basis upon which Perales
may resurrect a RICO claim against any defendant he has named.
Accordingly, this court should deny Perales's motion to amend
the complaint (doc. no. 5) as futile.

### Conclusion

For the foregoing reasons, the court should deny the motion
to amend the complaint (doc. no. 5) and should dismiss the
complaint in its entirety, with prejudice.  Any objections to
this report and recommendation must be filed within fourteen
days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).
Failure to file objections within the specified time waives the

right to appeal the district court's order.  <u>See</u> <u>United States</u> <u>v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert.</u> <u>denied</u>, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United</u> <u>Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 19, 2013

cc:  Azael Dythian Perales, pro se

LBM:nmd